**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANDRIA D. MORRIS PERKINS O/B/O TATIYANA A. MORRIS,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security Administration,<br><br>　　　　　　　Defendant. | CASE NO. SA CV 06-00263 RZ<br><br>MEMORANDUM OPINION AND ORDER |

　　　　Based on a new Ninth Circuit decision limiting the harmless error doctrine for claims like Plaintiff's – namely that the Administrative Law Judge silently disregarded a lay witness's helpful testimony – the Court must reverse and remand.

　　　　Plaintiff faults the underlying opinion for failing to consider her own lay testimony about the symptoms of her daughter Tatiyana, the claimant. (Plaintiff sues on behalf of Tatiyana, who was born on January 20, 2001. *See* Administrative Record (AR) 12.) Defendant does not expressly dispute that the Administrative Law Judge largely did not explain why he rejected the mother's testimony. Instead, Defendant implicitly argues that any possible error was harmless.

　　　　An Administrative Law Judge is not required to mention every item in a claimant's record; a failure to address some items is not tantamount to a failure to consider

them or a rejection of them. *Howard v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Such testimony can supply useful information about how a claimant's alleged impairments affect his ability to engage in gainful employment, *see* 20 C.F.R. § 404.1513(d)(4), however, and the Administrative Law Judge thus may reject such testimony only for specific reasons germane to the particular witness. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

Proving decisive in this case is a recent Ninth Circuit decision restricting the harmless-error doctrine where, as here, an Administrative Law Judge fails to discuss "lay testimony" favorable to a claimant. *Stout v. Commissioner*, 454 F.3d 1050 (9th Cir. 2006). Specifically, "a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the [undiscussed] testimony, could have reached a different disability determination." *Id.* at 1056.

At the administrative hearing, Plaintiff (*i.e.*, claimant Tatiyana's mother) testified about her then-four-year-old daughter's (1) disruptive behavior, (2) voluntary bowel control problems and (3) asthma. As to poor behavior, Plaintiff stated that Tatiyana was "just really defiant. . . . Very defiant, very rebellious . . . . She abuses other children." AR 323. When prompted by her counsel for examples, Plaintiff added, "She pinches, scratches, bites, throws things at [other children], pulls their hair – she hurts them," AR 324, and that Tatiyana at times physically runs off, effectively forcing adults to chase her, "knocks things off shelves . . . tak[es] things off people's desks and . . . throw[s] things at people." AR 326. Second, as to toilet training, Plaintiff testified that Tatiyana "withholds her poop." AR 326. "She holds it until she's in the emergency room and we have to clean her out," but "[s]he's on medication for that so she can't hold it any longer." AR 326-27. Third, Plaintiff testified that Tatiyana has asthmatic symptoms when active and thus requires use of a nebulizer three times a day. AR 327.

Perhaps the Administrative Law Judge would have rejected the claim even with a fuller discussion of Plaintiff's testimony as to each of the three ailments Plaintiff discussed. The underlying opinion conceded that Plaintiff *reported* that Tatiyana did not

get along well with others, but the opinion next pointed out that the consultative examiner found Tatiyana's mood and affect were socially appropriate, AR 18, 164, and that she was quite fidgety but able to cooperate, AR 18, 169, and generally well-liked by her peers, but bossy. AR 214. According to other records discussed by the Administrative Law Judge, Tatiyana interacted well with her therapist, cooperated with the therapist's requests – albeit sometimes only after promises of rewards or punishments – and displayed appropriate social skills. AR 16, 294, 208. Based on these and other portions of the record, the Administrative Law Judge found that, although Tatiyana indeed had some difficulty interacting and relating with others, this impairment was less than marked and did not satisfy the requirements for childhood disability. AR 18; *see also* AR 184, 317 (examiners' reports). The opinion also pointed out that Tatiyana failed to satisfy the 12-month durational requirements for "disability" as to bowel control and asthma. AR 16, 19; *see* 20 C.F.R. § 416.920(a)(4)(ii). The Administrative Law Judge also cited a consultative examination during which Tatiyana displayed no acute asthmatic symptoms after moderate exercise. AR 15, 168-69. In addition, even if Tatiyana's bowel issues and asthma briefly did meet the *qualitative* test for "disabling" ailments, Plaintiff's own testimony strongly suggests that those two ailments were adequately treated with medication such that they no longer could contribute to disability.

    These statements in the underlying opinion do not surmount *Stout*. Can the Court "confidently conclude that no reasonable ALJ, *when fully crediting the testimony*" *of the claimant's mother* – that is, even if the Court posits that Administrative Law Judge had preferred Plaintiff's testimony over the contrary evidence supplied by trained medical professionals – "could have reached a different disability determination"? *See Stout, supra*, 454 F.3d at 1056 (emphasis added). The Court cannot make such a finding, at least as to Tatiyana's behavioral control issues, or as to the possibility that the other matters were symptoms interrelated with the behavioral issues. Accordingly, the error in failing to assess the claimant's mother's testimony expressly was not harmless.

For the foregoing reasons, the decision of the Commissioner is reversed and the matter is remanded for further proceedings consistent with this Opinion.

IT IS SO ORDERED.

DATED: April 3, 2007

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE